UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMATRIX SYSTEMS, LLC<br>*Plaintiff*,<br><br>v.<br><br>ELJEN CORPORATION,<br>*Defendant*. | Civil No. 3:20cv1900 (JBA)<br><br><br>March 1, 2022 |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

Defendant Eljen Corporation seeks to compel Plaintiff Geomatrix Systems, LLC to revise its privilege log and produce non-privileged documents. (Eljen Corp.'s Mot. to Compel [Doc. # 88] at 1.) Defendant requests that the Court order Plaintiff to: (1) revise its privilege log to separately log email attachments to allow Eljen to assess Plaintiff's privilege assertion, (2) produce non-privileged transmittal and technical correspondence as well as email attachments comprising pre-existing or otherwise non-privileged records, and (3) produce Plaintiff's patent prosecution attorneys' non-privileged internal work papers because they were not prepared in anticipation of litigation. (*Id.*)

In response, Plaintiff represents that it served Defendant with additional documents and a revised privilege log to "address Eljen's concerns about document descriptions and attachments." (Pl. Geomatrix Sys., LLC's Mem. in Opp'n to Def. Eljen Corp.'s Mot. to Compel ("Pl.'s Mem.") [Doc. # 93] at 5-6.) In Plaintiff's view, these latest productions render Defendant's first and second requests moot. (*Id.* at 6-7.) Regarding Defendant's request that Plaintiff produce its patent prosecution attorneys' non-privileged internal work papers, Plaintiff argues that it is entitled to withhold certain patent prosecution materials dating back as early as March 5, 2008 because "under the right circumstances, [they] may be protected by the work product doctrine." (*Id.* at 7.) Plaintiff contends that, because the

prosecution materials at issue served the "dual purpose" of obtaining the patents and asserting issued patents against known competitors, they are entitled to protection under the work-product doctrine. (*Id.* at 7-8.) As Plaintiff reasons, that notion applies not only to materials that were prepared "with an eye toward litigation against Defendant," (*id.* at 8), but also to materials prepared in anticipation of litigation against third parties, (*id.* at 12). Finally, Plaintiff argues that it has properly withheld patent prosecution materials "on the basis that those documents are reflective of communications between the attorney and client." (*Id.* at 14.)

Defendant does not contest that Plaintiff has satisfied the first and second requests, but it argues that "even if its patent prosecution attorneys did their patent prosecution work" with litigation against Defendant in mind as of March 2008, "that does not categorically protect their prosecution files after that date." (Def.'s Reply at 3.) Defendant contends that Plaintiff's categorical approach is too broad, and argues instead that Plaintiff must justify its claim of privilege for each document by showing that its contents reflect a patent prosecution attorney's "eye toward litigation." (*Id.* at 6 (citing *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 152 (D. Del. 1977)).) Defendant further argues that Plaintiff cannot withhold patent prosecution materials from unrelated litigation unless that litigation is still pending and is closely related to this matter—two limitations Defendant argues are not present here. (*Id.* at 6-7.) Finally, Defendant contends that Plaintiff "must be ordered to produce all materials withheld as attorney-client-privileged that are not communications, unless sufficient additional information is logged so that the Court can evaluate whether such a document contains or summarizes privileged communication[s]." (*Id.* at 10.)

The Court understands that the privilege log has been revised to separately log email attachments to allow Defendant to assess Plaintiff's privilege claims and Plaintiff has produced additional correspondence as well as email attachments in an effort to conform to

Defendant's first and second requests. Still in dispute, however, is whether Plaintiff's patent prosecution documents prepared by its attorneys must be produced.

The remaining dispute involves two related but distinct concepts, the attorney-client privilege and the work-product doctrine. The attorney-client privilege protects confidential communications by the client to and from the attorney, for the purpose of obtaining legal advice, legal services, or assistance in some legal proceeding. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441 (S.D.N.Y. 1995). It "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Importantly, the privilege attaches only to the communication between the attorney and the client, not to the underlying facts or information. *See United States v. Cunningham*, 672 F.2d 1064, 1073 n.8 (2d Cir. 1982). "[T]he privilege will apply to communications seeking or conveying a legal opinion on the patentability or infringement of an invention, [but] it will not protect communications . . . made with the intention that the attorney transmit the communication to the [patent office]." *Application of Minebea Co.*, 143 F.R.D. 494, 502 (S.D.N.Y. 1992) (internal citations omitted).

The work-product doctrine, on the other hand, is an exception to the general rule that discovery is available "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The work-product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye towards litigation, free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (internal citation and quotations omitted). The doctrine does not ordinarily protect work performed by an attorney to prepare and prosecute a patent application because such work is not considered to be done "in anticipation of litigation." *Application of Minebea Co.*, 143 F.R.D. at 499 (collecting cases). Still, patent work prepared in service of prosecuting a patent application

3

is protected if the "primary motivating purpose" behind the performance of the work was to assist in pending or impending litigation. *Id.*

The party asserting either privilege bears the burden of proof. *In re Grand Jury Subpoena Dated Dec. 19, 1978*, 599 F.2d 504, 510 (2d Cir. 1979). "To facilitate its determination of privilege, a court may require an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (internal citation and quotations omitted). The privilege log should provide "'sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.'" *Id.* (quoting *Bowne v. N.Y.C., Inc.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))

Here, the Court is unpersuaded by Plaintiff's argument that it is legally entitled to withhold documents on its privilege log so long as they served the "dual purpose" of obtaining the patents and asserting issued patents against known competitors. (Pl.'s Mem. at 7-8.) The work-product doctrine does not afford so broad a protection. Instead, Plaintiff is entitled to withhold only those documents that were prepared by its attorney primarily to address concerns regarding litigation. *See Hercules, Inc.*, 434 F. Supp. at 152. If a particular document reflects the attorney's primary concern with respect to issues that have or will arise during the prosecution of a patent application, however, Defendant must produce that document. *Id.* Further, any documents prepared regarding third-party litigation are protected only if the prior litigation is closely related to the infringement at issue here. *See Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 557 (2d Cir. 1967); *see also Hercules Inc.*, 434 F. Supp. at 153. With respect to Plaintiff's claim of attorney-client privilege, that privilege does not extend to protect documents prepared by Plaintiff's attorneys that were not communicated to their client.

Central to the inquiry of whether documents are protected by either attorney-client privilege or work-product doctrine, and thus justifiably withheld, is the provision of effective

descriptions of those documents and their contents. Plaintiff supports its arguments with a declaration from the inventor of the patents at issue, David Potts, stating that he "instructed" his attorneys "to prosecute [] applications with the intent to enforce" those patents against Defendant and others. (*See* Decl. of David A. Potts [Doc. # 93-1] ¶¶ 4-5.) The declaration also avers that Potts met with his attorneys "for the purpose of developing a strategy for future enforcement against Eljen." (*Id.* ¶ 6.) Additionally, Plaintiff offers emails between Potts and Defendant's representatives communicating his preparedness to engage in litigation to enforce those patents. (*See* Pl.'s Ex. A [Doc. # 93-3] at 2; Pl.'s Ex. B [Doc. # 93-4] at 2.) But these documents speak only to Plaintiff's observation that some patent prosecution materials may have been prepared with litigation on the mind of the attorney who prepared them and that attorney may have communicated such concerns to his or her client. What Plaintiff's privilege log does not effectively indicate is why each document was included beyond generic labels. For instance, many of the entries claim both attorney client privilege and work-product privilege. (*See* Def.'s Exhibit M [Doc. # 88-15].) Likewise unilluminating are the many entries described as "[c]orrespondence and attachments from attorney to client providing legal advice during or in anticipation of litigation." (*Id.*) Without more, neither Defendant nor the Court can meaningfully determine whether a given document was justifiably included in the privilege log.

Therefore, Defendant's Motion to Compel is GRANTED. Plaintiff is ordered to produce documents that do not fall under the protections of the attorney-client privilege and the work-product doctrine, and to revise its privilege log to include sufficient information for each entry explaining why the content in that document is protected.

IT IS SO ORDERED.

                                                   /s/

                                              Janet Bond Arterton, U.S.D.J.
Dated at New Haven, Connecticut this 1st day of March 2022.