UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMATRIX SYSTEMS, LLC, | : |
| *Plaintiff*, | : |
| v. | :    No. 3:20-cv-1900 (JBA) |
| ELJEN CORPORATION, | : |
| *Defendant*. | : |

**RULING ON DEFENDANT'S MOTION TO COMPEL**

Plaintiff Geomatrix Systems, LLC ("Geomatrix") brings this action under 35 U.S.C. § 1, *et seq.*, alleging patent infringement against the defendant Eljen Corporation ("Eljen"). Defendant's motion to compel, Doc. No. 110, has been referred to the undersigned for a ruling. Doc. No. 113. For the reasons that follow, the motion is **GRANTED**. The Court concludes that Plaintiff has not violated Judge Arterton's order dated March 1, 2022. *See* Doc. No. 104 (hereinafter the "Order). However, because Plaintiff has not sustained its burden of demonstrating that the work product of Attorneys Grasso and Blake relating to the prior S-Box and Cur-Tech litigations is entitled to protection in this action under Rule 26(b)(3), the Court overrules Plaintiff's work product objection and grants the motion to compel to that extent. The Court declines the parties' cross requests to impose sanctions.

I.     **FACTUAL BACKGROUND**

In its Amended Complaint, Geomatrix alleges that its business includes developing, designing, manufacturing, selling, installing, maintaining, repairing and remediating commercial and residential onsite wastewater systems. Doc. No. 56. Geomatrix claims that defendant Eljen designs, manufactures, sells and offers to sell a line of products that infringes on patents held by

Geomatrix ("Asserted Patents"), especially the "863 Patent." *Id.* Eljen has filed counterclaims alleging *inter alia* that its patents have priority. Doc. No. 61.

Geomatrix was involved in prior litigations in the District of Connecticut to enforce a different patent (the "670 Patent"). The first prior litigation was filed in January 2009 by Geomatrix's owner David A. Potts. *See Potts v. S-Box LLC*, 3:09-cv-00035-AWT (D. Conn.), ECF 1 (hereinafter the "S-Box action"). More than a year later, in April 2010, Geomatrix, LLC joined as a co-plaintiff. *Id.* at ECF 124. In December 2010, the parties stipulated to dismissal of the S-Box action with prejudice and without costs to any party. *Id.* at ECF 206.

Also in January 2009, Potts brought a separate action against Cur-Tech, LLC alleging infringement of the 670 Patent. *See Potts v. Cur-Tech LLC*, 3:09-cv-00065-JBA (D. Conn.) (hereinafter the "Cur-Tech action"). Geomatrix, LLC later joined the Cur-Tech action as a co-plaintiff in October 2009. *Id.*, ECF 39. In March 2012, Judge Arterton granted Cur-Tech's motion for summary judgment and entered judgment in its favor. *Id.*, ECF 112 and 117.

According to records available on the State of Connecticut website, of which the Court takes judicial notice, Geomatrix, LLC – the eventual co-plaintiff in the S-Box and Cur-Tech actions – is a separate entity from Geomatrix *Systems*, LLC, the plaintiff in the present action. *See* https://service.ct.gov/business/s/onlinebusinesssearch. Geomatrix, LLC was formed in 2000, and Geomatrix Systems, LLC was formed in 2006, and both are listed as active. *See id.* Both entities are owned by David Potts and Elizabeth Potts. *See id.* Each of these entities has filed separate annual reports since their respective formations, including in 2022. *See id.*

In November 2012, Potts filed another application with the United States Patent and Trademark Office ("USPTO"), which resulted in the issuance of the 863 Patent in November 2015 that is the primary subject of the present action. *See* Answer to Counterclaim, Doc. No. 64

¶¶ 78, 95.  Although Geomatrix contends that the 2012 patent application was based on an invention that Potts "reduced to practice" in 2004, *see* Doc. No. 64 ¶ 119, there is no dispute that the patent prosecution that resulted in the issuance of the 863 Patent occurred after the conclusion of the S-Box and Cur-Tech litigations.  *See id.* ¶ 78.

## II.     PROCEDURAL HISTORY

In the present action, on March 5, 2021, Eljen served discovery requests on Geomatrix.  Doc. No. 88-3.  In October 2021, Geomatrix served a privilege log, which it amended and supplemented later that month.  Doc. No. 88-5, 88-7, and 88-8.  Also in October 2021, Eljen served subpoenas on Potts' patent prosecution attorneys, Michael Blake and Fred Grasso.  Doc. No. 88-10.  In November 2021, Blake and Grasso served privilege logs.  Doc. No. 88-12 and 88-15.

In December 2021, Eljen filed a motion to compel requesting *inter alia* an order compelling Geomatrix to "produce Plaintiff's patent prosecution attorneys' non-privileged internal work papers because they were not prepared in anticipation of litigation."  Doc. No. 88-1.  On March 1, 2022, Judge Arterton issued an order granting the motion to compel.  Doc. No. 104 (the "Order").  In the Order, Judge Arterton (a) clarified the controlling legal standards for assessing whether attorney work product relating to a prior litigation may be entitled to protection under Rule 26(b)(3) in a subsequent litigation, including that the work product was prepared "primarily to address concerns regarding litigation" that was "closely related to the infringement at issue here"; (b) found that the privilege logs were insufficiently detailed to assess Geomatrix's assertions of work product protection; (c) ordered production of materials that were not privileged or protected; and (d) ordered Geomatrix to "revise its privilege log to include sufficient information for each entry explaining why the content in that document is protected."

*Id.*, at 5.  Notably, the Order did <u>not</u> decide (i) whether any particular document or set of documents qualifies for work product protection in this action, or (ii) whether any prior litigations were "closely related" to this action for purposes of assessing whether attorney work product relating to those litigations may be protected in this action.

In March 2022, Geomatrix supplemented its document production[1] and served a revised privilege log.  On March 25, 2022, Eljen filed the pending motion to compel arguing that Geomatrix had failed to comply with the Order by withholding attorney work product that was prepared in connection with the S-Box and Cur-Tech litigations.  Doc. No. 110.  In opposition, Geomatrix argues that those prior litigations were "closely related" to the present action, but has submitted no supporting evidence.  *See* Doc. No. 111.

### III.     LAW

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  The purposes of the work product doctrine include "protecting an attorney's ability to formulate legal theories and prepare cases, preventing opponents from 'free-loading' off their adversaries' work, and preventing interference with ongoing litigation."  *Crosby v. City of New York*, 269 F.R.D. 267, 277 (S.D.N.Y. 2010) (citing *Hickman v. Taylor*, 329 U.S. 495, 508 (1947) and related progeny).  The party invoking the work

---

[1] Geomatrix represents that it produced patent prosecution documents in compliance with Judge Arterton's clarification that work product protection applies only to materials prepared by an attorney "primarily" for litigation purposes, and that materials prepared primarily for patent prosecution purposes are not protected.  *See* Order, Doc. No. 104, at 4, available at *Geomatrix Sys., LLC v. Eljen Corp.*, No. 3:20-cv-1900 (JBA), 2022 WL 603029 (D. Conn. Mar. 1, 2022) (citing *Application of Minebea Co.*, 143 F.R.D. 494, 502 (S.D.N.Y. 1992); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 152 (D. Del. 1977)).

product doctrine "bears the heavy burden of establishing its applicability." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007).  If the asserting party demonstrates that work product protection applies, then the material is not discoverable unless the discovering party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).

There is no temporal limitation in Rule 26(b)(3).  *See F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983) ("[T]he literal language of the Rule [26(b)(3)] protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation."). However, courts have long applied the following substantive limitation.  In order for attorney work product prepared for one litigation to be protected from discovery in a subsequent litigation, the invoking party must show that "the two cases are closely related in parties or subject matter."  *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 153 (D. Del. 1977).

Contrary to Geomatrix's argument here, the "closely related" requirement survived the Supreme Court's 1983 discussion of Rule 26(b)(3) in *Grolier*.[2]  *See Gen. Elec. Cap. Corp. v. Directv, Inc.*, No. 3:97-cv-1901 (PCD), 1998 WL 34344850, at *4 n.5 (D. Conn. Aug. 19, 1998) (Margolis, M.J.) (citing decisions before and after *Grolier*).  *Grolier* was not concerned with the protection of work product in litigation discovery but, rather, in the context of a statutory exception to the Freedom of Information Act.  *Grolier*, 462 U.S. at 20. The Supreme Court's observation in *Grolier* that Rule 26(b)(3) contains no temporal limitation was not an exhaustive articulation of all relevant criteria for work product protection, and courts continue to require that

---

[2] Geomatrix's argument regarding *Grolier* is also untimely, insofar as Geomatrix neither raised it in opposition to the prior motion to compel nor moved for reconsideration of Judge Arterton's ruling concerning the closely-related requirement.

5

two litigations must be "closely related" in order for work product protection to carry over from one to another. *See Berall v. Teleflex Med. Inc.*, No. 10-cv-5777 (LAP), 2021 WL 6113384, at *2 (S.D.N.Y. Dec. 27, 2021) (quoting *Cohen v. City of New York*, 255 F.R.D. 110, 124 (S.D.N.Y. 2008) ("Consistent with *Grolier*, the weight of authority now clearly favors protecting work product that was generated as part of an earlier litigation, at least where . . . that litigation is related to the current suit.")).

## IV. DISCUSSION

As a threshold matter, the Court is not persuaded that Geomatrix has violated Judge Arterton's Order by asserting on its revised privilege log that materials relating to the prior S-Box and Cur-Tech litigations are entitled to work product protection. The Order did not make any findings as to whether a particular document or set of documents was subject to work product protection, nor did it identify any documents that must be produced forthwith. Instead, the Order clarified the legal standards for making and analyzing assertions of work product and required that Geomatrix must adequately justify any such assertions in its privilege log. *See* Doc. No. 104. At this time, it appears the parties no longer dispute the sufficiency of the privilege log.

However, Geomatrix has not carried its burden of demonstrating that this litigation is "closely related" to the prior S-Box and Cur-Tech litigations such that attorney work product that would have been shielded in those litigations should retain that protection in this action. In support of its assertion of work product protection, Geomatrix offers only the meager representations that it was a party to both litigations, that the 670 Patent at issue in the S-Box and Cur-Tech litigations is from the "same family of patents" as the 863 Patent at issue in this case, and that it was "asserted against competitors, like Eljen, who manufactured high aspect ratio

leachfield systems." Pl. Opp. Br., Doc. No. 111, at 13-14.  Geomatrix has not attached a single exhibit to its opposition brief, nor pointed the Court to any items previously submitted.  The current record does not even include the March 2022 revision of Geomatrix's privilege log.  Consequently, the Court is unable to analyze even the most basic aspects of Geomatrix's assertion of work product protection, including, but not limited to, what documents are at issue, the date they were prepared, who prepared them, or for what putative purpose.  It is also unclear for what client the alleged work product was prepared, whether for Potts or one or more of his companies.  Moreover, contrary to the representations in its brief, Geomatrix *Systems*, LLC was not a party to the S-Box or Cur-Tech litigations, and it has supplied no evidence concerning its relationship with Geomatrix, LLC, who was the named co-plaintiff, at least for some portion, though not the entirety, of those prior actions.[3]  Further, the 670 patent that was at issue in the S-Box and Cur-Tech litigations is not one of the asserted patents in the First Amended Complaint, Doc. No. 56, that is currently operative in this action  and is not even mentioned in the factual allegations of the First Amended Complaint.  Moreover, Geomatrix also has not explained with a reliable level of detail the basis of its contention that the 670 Patent is in the same "family" as the 863 Patent at issue in this case.  Geomatrix has not provided evidence that the infringement claims asserted in the S-Box or Cur-Tech litigations were the same as or sufficiently similar to the claims that have been asserted in this action.  For the most part, the Court has gleaned information about the prior litigations from its own investigation of the S-Box and Cur-Tech

---

[3] In its brief, Geomatrix argues that the closely-related requirement is satisfied simply by showing that the two litigations had a single party in common.  *See* Doc No. 111, at 13. However, not only has Geomatrix not identified a common party in this instance, but the decision it cites does not support that proposition, nor do the cases cited in that decision.  *See Hercules v. Exxon Corp.*, 434 F. Supp. 136, 153 (D. Del. 1977) (finding that two litigations were closely related where they involved the same plaintiff and the same patent, such that "many of the issues were related to the one involved here") (citing cases).

dockets, rather than Geomatrix's development of a full factual record in an effort meet its requisite burden. In short, Geomatrix has not supplied sufficient and reliable information to sustain its burden of demonstrating how the specific issues in the S-Box and Cur-Tech litigations are so closely related to the issues in this action that the extension of work product protection from those prior matters to this action would further the purposes of that doctrine.

In addition to those prior district court litigations, Geomatrix also asserts in a footnote that some of the work product at issue was prepared in connection with "*Potts and Geomatrix, LLC v. Cur-Tech*, 20-1471 (CAFC)" and "the reexamination of U.S. Patent No. 7,374,670 brought by S-Box [Control No. 95/001,249]." *See* Doc. No. 111, at 13 n.5. The Court's analysis of these assertions is no different. Geomatrix has provided nothing more than the name and date those proceedings, which is inadequate to carry its burden of showing that they are closely related to the present action.[4]

What the Court is left with is a bare assertion that, in connection with the S-Box and Cur-Tech litigations commenced in 2009, attorneys for Geomatrix's owner and another of his companies were working on issues relating to a patent for which he did not apply until after those litigations were concluded. That showing is starkly inadequate as compared, for example, to the following record on which the Northern District of Illinois found that the closely-related requirement was satisfied:

> When the PTO reexamined the patent . . . , this litigation had already begun. Moreover, the reexamination involved the same central issue raised by this litigation, i.e., the validity of the Harney patent. Consequently, whatever [plaintiff's attorney] considered while representing [plaintiff] in the reexamination would certainly reflect [plaintiff]'s legal strategies and positions in this case. *See*

---

[4] Of further note, the appeal from the Cur-Tech judgment was dismissed on procedural grounds for failure to prosecute. *See Potts v. Cur-Tech*, 3:09-cv-00065-JBA, at ECF 134 (dismissal order from Federal Circuit). This raises questions about whether appellate counsel generated work product on any substantive issues at all, let alone issues closely related to the present action.

> *Hercules v. Exxon Corp.*, 434 F. Supp. 136, 153 (D. Del. 1977) ("documents prepared for one case have the same protection in second case where the two cases are closely related in parties or subject matter"). For example, [the attorney]'s rationale for drafting the reexamination claim amendments in the way he did could reveal [plaintiff]'s patentability theories in this case. *See Natta v. Zletz*, 418 F.2d 633 (7th Cir. 1969) (documents related to drafting of motions in patent infringement case are subject to work product privilege). We hold that [defendant] may not question [plaintiff's attorney] about his thoughts and legal theories while representing [plaintiff] at the reexamination.

*Oak Indus. v. Zenith Elecs. Corp.*, 687 F. Supp. 369, 374-75 (N.D. Ill. 1988); *see also*, *e.g.*, *Cosmetic Warriors Ltd. v. Lush Day Spa, LLC*, No. 13-cv-1697 (WJM), 2013 WL 5536048, at *3 (D.N.J. Oct. 4, 2013) (declining to find close relatedness based on "perfunctory" statement that two cases involved same plaintiff attempting to enforce the same trademark, noting that the alleged infringers were different and observing that "cases that generally carry work product protection over from one proceeding to a second often have much more in common than is alleged here"). Here, unlike the record before the Northern District of Illinois, the Court does not have before it any information showing that the S-Box and Cur-Tech litigations presented closely related issues to those here such that plaintiff's counsel's strategies in those prior cases would reflect upon the strategies informing this litigation. In summary, Geomatrix has failed to carry its burden of demonstrating that the prior litigations were closely related to the present action for purposes of extending work product protection from one to another.

Lastly, each party has requested that the other pay its fees and costs relating to the motion to compel. The Court concludes that no sanctions are warranted.

## V.    CONCLUSION

For the foregoing reasons, defendant's Motion to Compel, Doc. No. 110, is **GRANTED**. Plaintiff's assertion of work product protection over materials prepared in connection with prior proceedings, including the S-Box action, the Cur-Tech action, the Cur-Tech appeal, and the S-

Box reexamination, is overruled.  Pursuant to Local Rule 37(d), Plaintiff shall produce those materials within 14 days of this order.

This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED, this 26th day of May, 2022, at Bridgeport, Connecticut.

>                    */s/ S. Dave Vatti*
>                    S. DAVE VATTI
>                    United States Magistrate Judge