UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEOMATRIX SYSTEMS, LLC,                     :
                                            :
    *Plaintiff*,                              :
                                            :
        v.                               :        No. 3:20-cv-1900 (JBA)
                                            :
ELJEN CORPORATION,                          :
                                            :
    *Defendant*.                              :

## RULING ON DEFENDANT'S THIRD MOTION TO COMPEL

Plaintiff Geomatrix Systems, LLC ("Geomatrix") brings this action under 35 U.S.C. § 1, *et seq.*, alleging infringement of a patent relating to a residential septic system. Am. Compl., Doc. No. 56. Defendant Eljen Corporation ("Eljen") has filed counterclaims alleging that its own invention was prior in time and that Geomatrix's principal submitted false statements to the United States Trademark and Patent Office ("USPTO") to support his claim of priority. Answer, Doc. No. 61. Defendant's third motion to compel, Doc. No. 119, has been referred to the undersigned for a ruling. Doc. No. 120.

For the reasons that follow, the motion to compel is **GRANTED**. The Court concludes that Geomatrix has waived the privilege objections asserted in its June 9, 2022 privilege log and that sanctions are warranted pursuant to both Rule 37(a) and (b).

## I.    HISTORY OF THE PRIVILEGE LOG DISPUTE

Eljen's pending third motion to compel relates to 42 documents or written communications (hereinafter "the Disputed Documents") that were among the more than 3,500 items that Geomatrix withheld based on assertions of attorney-client privilege or work product protection. *See* Taggart Decl., Doc. No. 125-1 ¶ 5 ("over 3,500 entries on Geomatrix's privilege log"). Over the course of seven months and three motions to compel, Eljen has diligently

pursued disclosure of numerous documents as to which Geomatrix has asserted various privilege claims, first by demanding that Geomatrix provide descriptions of the documents with sufficient detail to "enable other parties to assess the claim," *see* Rule 26(b)(5) and Rule 45(e)(2), then by demanding production of certain items based on Geomatrix's revised descriptions, and now by seeking enforcement of the Court's May 26, 2022 discovery order as to the 42 Disputed Documents.

### A.  Deficient initial privilege logs (October 2021)

On March 5, 2021, Eljen served requests for production on Geomatrix.  Doc. No. 88-3. For reasons not explained in the current record, Geomatrix waited until October 1, 2021 to serve its initial privilege log, which included 1,649 entries.  Doc. No. 88-5.  On October 6, 2021, Eljen sent a deficiency letter to Geomatrix asserting that the log lacked sufficient detail to permit meaningful review.  Doc. No. 88-6.  Eljen also noted, citing precedent, that Geomatrix had no legal basis to withhold patent prosecution materials under the work product doctrine. [1]  *Id.*

On October 12, 2021, Geomatrix served a (first) revised privilege log.  Doc. No. 88-7. That same day, Eljen objected via email that the document descriptions still lacked adequate detail to assess the privilege claims.  Doc. No. 88-9.  Eljen also objected that after it pointed out that documents labeled as "patent prosecution work product" are not subject to the work product doctrine and must be produced, Geomatrix simply recharacterized these documents as privileged attorney-client communications to justify their continued withholding.  *Id.*  Three days later, on

---

[1] "Patent prosecution" refers to the examination of a patent application by the USPTO.  It typically includes the preparation and submission of the application, USPTO examiner reviews, office actions by the USPTO, and the applicant's responses thereto.  *See Patent Prosecution and the Process of Patent Examination*, 4 Pat. L. Fundamentals § 15:13.01 (2d ed.) (accessed via Westlaw on Aug. 31, 2022).

October 15, 2021, Geomatrix served a (second) revised privilege log adding 1,179 "supplemental" new entries.  Doc. No. 88-8.

### B.  Initial logs re: subpoenas on patent attorneys (November 2021)

The Disputed Documents at issue in the pending motion were first logged in response to subpoenas dated October 15, 2021 that Eljen served on Geomatrix's patent attorneys, Michael Blake and Fred Grasso.  *See* Subpoenas, Doc. No. 88-10; *see also* Revisions Chart, Doc. No. 125-2.  In response, Geomatrix served privilege logs on November 8 (as to documents sought from Blake) and November 23, 2021 (as to documents sought from Grasso), which included assertions of attorney-client privilege and work product protection as to the Disputed Documents. [2]  Doc. No. 88-12; Revisions Chart, Doc. No. 125-2.  On November 19, 2021, after deposing Attorney Blake, Eljen sent another email to Geomatrix complaining of the same persistent deficiencies with respect to these additional privilege logs, including lack of sufficient detail to assess the merits of the privilege claims.  Doc. No. 88-14.

### C.  Eljen's First Motion to Compel

After meet-and-confer efforts were unsuccessful, Eljen filed its first Motion to Compel on December 2, 2021 contending that the privilege logs were deficient because (i) attachments were not logged separately, (ii) document descriptions were insufficiently detailed to enable Eljen to assess the privilege assertions, and (iii) many assertions were dubious, including as to patent prosecution materials that Geomatrix first identified as patent prosecution work product and then recharacterized as litigation work product.  Def. Br., Doc. No. 88-1.

---

[2] Geomatrix does not dispute that these materials, including the Disputed Documents, are in its possession, custody, or control.

On January 5, 2022, in reaction to the Motion to Compel, Geomatrix produced 4,391

documents previously withheld as privileged.  *See* Reply Br., Doc. No. 98, at 1.  Geomatrix also

served a (third) revised privilege log consolidating its entries as to all three custodians

(Geomatrix, Blake, and Grasso) and separately listing attachments.  Doc. No. 93-10.  The

January 2022 Log contained over 3,500 entries, *see* Taggart Decl., Doc. No. 125-1 ¶ 5, and again

asserted attorney-client privilege and work product privilege as to each of the Disputed

Documents, *see* Revisions Chart, Doc. No. 125-2.

### D.  March 2022 Order granting First Motion to Compel

The January 2022 Log that Geomatrix served in response to the First Motion to Compel

did not cure the persistent deficiencies.  In a written decision dated March 1, 2022, Judge

Arterton found that the entries in the January 2022 Log did "not effectively indicate . . . why

each document was included beyond generic labels," such that "neither Defendant nor the Court

can meaningfully determine whether a given document was justifiably included in the privilege

log."  JBA Order, Doc. No. 104, at 4-5.

Additionally, addressing Geomatrix's argument that it could withhold patent prosecution

work product that had a "dual purpose" of preparing for potential litigation, Judge Arterton

reiterated the rule that work product from a prior patent-related matter qualifies for work product

protection in a subsequent litigation only if it (i) initially was prepared primarily for litigation

purposes rather than patent prosecution, and (ii) the prior litigation was "closely related" to the

infringement at issue in the subsequent litigation.  *Id.* at 3-4.

Accordingly, Judge Arterton granted Eljen's First Motion to Compel and ordered

Geomatrix:

> [(a)] to produce documents that do not fall under the protections of the attorney-
> client privilege and the work-product doctrine, and [(b)] to revise its privilege log

4

to include sufficient information for each entry explaining why the content in that document is protected.

*Id.* at 5.  The March order did not state a compliance deadline, nor did Geomatrix move for an extension of the default, 14-day deadline under Local Rule 37(d) prior to completing the second-chance review ordered by Judge Arterton.

### E.  Revised March 2022 Log

On March 21, 2022, Geomatrix served its (fourth) revised privilege log, which included a "Document Re-Review" column indicating that the court-ordered review of each item, including the 42 Disputed Documents, was "Complete."  *See* Doc. No. 110-3, 119-4.  In the March 2022 Log, the entry for each of the Disputed Documents was substantially revised, including (i) adding information that had not been included in the January 2022 Log, including the author/sender of the document, the recipient and any persons copied on the document, (ii) changing the document description to indicate that the documents were work product from litigations concerning a so-called 670 Patent, and (iii) revising the objection to indicate that the documents were being withheld solely on the assertion that they were prior litigation work product.  Doc. No. 119-4, 125-1 ¶ 12.  In other words, during the second-chance review ordered by Judge Arterton, Geomatrix abandoned its claims that the Disputed Documents were privileged attorney-client communications or current litigation work product.

In total, 583 of the entries in the March 2022 Log, including the Disputed Documents, were withheld solely on the basis that they were work product from the 670 Patent litigations.  *See* Taggart Decl., Doc. No. 125-1 ¶ 7.  In a cover page to the Log, Geomatrix asserted that the 670 Patent was in the same "family of patents" as the patents asserted in this action and, therefore, that the 670 Patent litigations were closely related to the present action for purposes of the test identified by Judge Arterton.  Doc. No. 110-3, at 3-4.

**F.  Eljen's Second Motion to Compel**

The very next day, on March 22, 2022, Eljen sent a deficiency email contending that
Geomatrix had not met – and knew that it could not meet – its burden of showing that the prior
670 Patent litigations were closely related to the issues in the present action.  Doc. No. 110-4.
Three days later, on March 25, 2022, after unsuccessful meet-and-confer efforts, Eljen filed its
Second Motion to Compel seeking production of the 583 documents described above.  Doc. No.
110.  Eljen asserted that Geomatrix "lacked substantial justification" for asserting that the prior
litigations were closely related to this action, and therefore asked this Court to find that
Geomatrix had violated Judge Arterton's order and to impose sanctions.  *Id.*

In its opposition brief and at oral argument, Geomatrix continued to pursue only one
objection to production of those 583 documents – namely, that they were work product from a
closely-related prior litigation – and did not assert that they were privileged attorney-client
communications or current work product.  Doc. No. 111.

**G.  May 2022 Order granting Second Motion to Compel**

The undersigned overruled that sole objection in a written decision issued May 26, 2022.
Doc. No. 118, at 6.  The Court found that Judge Arterton's order did not preclude Geomatrix
from asserting that the prior 670 Patent litigations were closely related to the present action, and
therefore declined to impose sanctions.  *Id.* at 6.  However, the Court found that Geomatrix had
abjectly failed to carry its burden on this issue, offering only "bare assertions" that were "starkly
inadequate."  *Id.* at 7.  The Court observed:

> Geomatrix offers only the meager representations that it was a party to both
> litigations, that the 670 Patent at issue in the S-Box and Cur-Tech litigations is
> from the "same family of patents" as the 863 Patent at issue in this case, and that
> it was "asserted against competitors, like Eljen, who manufactured high aspect
> ratio leachfield systems."  Pl. Opp. Br., Doc. No. 111, at 13-14.  Geomatrix has
> not attached a single exhibit to its opposition brief, nor pointed the Court to any

items previously submitted.  The current record does not even include the March
2022 revision of Geomatrix's privilege log.  Consequently, the Court is unable to
analyze even the most basic aspects of Geomatrix's assertion of work product
protection, including, but not limited to, what documents are at issue, the date
they were prepared, who prepared them, or for what putative purpose.  It is also
unclear for what client the alleged work product was prepared, whether for Potts
or one or more of his companies.  Moreover, contrary to the representations in its
brief, Geomatrix *Systems*, LLC was not a party to the S-Box or Cur-Tech
litigations, and it has supplied no evidence concerning its relationship with
Geomatrix, LLC, who was the named co-plaintiff, at least for some portion,
though not the entirety, of those prior actions.  Further, the 670 Patent that was at
issue in the S-Box and Cur-Tech litigations is not one of the asserted patents in
the First Amended Complaint, Doc. No. 56, that is currently operative in this
action and is not even mentioned in the factual allegations of the First Amended
Complaint.  Moreover, Geomatrix also has not explained with a reliable level of
detail the basis of its contention that the 670 Patent is in the same "family" as the
863 Patent at issue in this case.  Geomatrix has not provided evidence that the
infringement claims asserted in the S-Box or Cur-Tech litigations were the same
as or sufficiently similar to the claims that have been asserted in this action.  For
the most part, the Court has gleaned information about the prior litigations from
its own investigation of the S-Box and Cur-Tech dockets, rather than Geomatrix's
development of a full factual record in an effort meet its requisite burden.

*Id.* at 6-7.  Accordingly, the Court overruled Geomatrix's single objection and ordered it to

produce the materials identified as prior litigation work product in the March 2022 Log within 14

days, as follows:

> Plaintiff's assertion of work product protection over materials prepared in
> connection with prior proceedings, including the S-Box action, the Cur-Tech
> action, the Cur-Tech appeal, and the S-Box reexamination, is overruled.  Pursuant
> to Local Rule 37(d), Plaintiff shall produce those materials within 14 days of this
> order.

*Id.* at 9-10 (emphasis added).

### H.  Geomatrix's *post hoc* revision of privilege objections

Undeterred by consecutive adverse rulings and the explicit orders of two judges,

Geomatrix continued to test the boundaries of its rights and obligations under Rule 45(d)

(deadline for objecting to subpoena requests), Rule 45(e)(2) (privilege log requirements), Rule

45(g) (consequences for noncompliance with discovery orders relating to subpoenas), and Rule 37(b) (consequences for party noncompliance with discovery orders).

According to the sworn declaration of plaintiff's counsel, after the Court issued the May 26 Order, Geomatrix identified the 583 documents that were withheld in the March 2022 Log based on the objection that the Court had overruled.  Taggart Decl., Doc No. 125-1 ¶ 12. Counsel characterizes these documents as "possibly" responsive to the May Order, and avers that, after spending "more than 30 hours" personally reviewing each document, he "realized" that 42 of the 583 documents "were not subject to the May 26 Order, despite designations and descriptions on the March privilege log facially suggesting that they would be."  *Id.* ¶¶ 7-9.  In other words, although Geomatrix represented in its March 2022 Log that these 42 items were work product from the prior 670 Patent litigations, a representation upon which Eljen and the Court relied during briefing, oral argument and adjudication, Geomatrix now asserts, based on lead counsel's *post hoc* personal review, that 27 of these 42 documents actually are attorney-client communications, 5 are work product relating to the current (not prior) litigation, and 10 are both attorney-client communications and work product relating to the current (not prior) litigation.  *Id.* ¶¶ 10, 12.

Upon concluding that there were 42 material inaccuracies in the March 2022 Log, Geomatrix did not request any articulation of, or relief from, the requirements of the May 26 Order concerning those items.  Instead, on June 9, 2022, Geomatrix unilaterally chose to produce in full only 541 of the 583 documents responsive to the Order, and withheld the other 42 documents, in whole or in redacted part.  *Id.* ¶ 14.  Geomatrix also served a new (fifth) revised privilege log ("June 2022 Log"), which contained never-before-seen descriptions and revised privilege designations as to the Disputed Documents.  Doc. No. 119-5.

To defend the continued withholding, Geomatrix attempts to portray the March 2022 Log as a temporary glitch that was quickly fixed in June 2022.  Through counsel's declaration, Geomatrix states that it "consistently asserted attorney-client privilege over every one of these 42 documents" by labeling them as such in the November 2021 and January 2022 iterations of the privilege logs, and counsel characterizes the omission of those objections in the March 2022 Log as "incorrect," "inadvertent," and "human error." [3]  Doc. No. 125-1 ¶¶ 11-13.  However, it is crucial to note that the June 2022 Log does not merely correct typographical or formatting errors, nor does it restore previously-disclosed information that was temporarily omitted.  Instead, it introduces substantial new information – namely, a detailed description of each of the 42 Disputed Documents – that was never included in any of the numerous prior versions of the logs.

## I.   The pending Third Motion to Compel

On June 27, 2022, after unsuccessful meet-and-confer efforts, Eljen filed the pending Third Motion to Compel.  Doc. No. 119.  Eljen contends that the Disputed Documents were subject to the Court's May 26 Order and that Geomatrix waived any right to withhold them by not timely raising proper privilege objections.  Doc. No. 119-1, at 5-12.  Eljen therefore requests an order compelling Geomatrix to produce these 42 documents in their entirety.  *Id.* at 12.  The motion also requests that Geomatrix be ordered to pay the reasonable attorney's fees Eljen incurred in pursuing enforcement of the Court's May Order.  *Id.*

---

[3] Geomatrix blames "more junior members of the legal team" who were assigned to complete the court-ordered review in March 2022; it blames the Court for scheduling a *Markman* evidentiary hearing on short notice during the same timeframe; and it blames Eljen for making Geomatrix feel rushed.  Taggart Decl., Doc No. 125-1 ¶¶ 5-6.  However, the notion that Geomatrix lacked sufficient time to perform an accurate re-review is unpersuasive, especially given that it did not seek additional time either informally from Eljen or formally from the Court.  In contrast, the very next day after Geomatrix served the March 2022 Log, the parties jointly moved to extend various discovery deadlines, including the fact discovery deadline, which the Court readily granted.  Doc. No. 108, 109.

In response, Geomatrix contends that the Disputed Documents were "properly designated and withheld" in the June 2022 Log and that it did not violate the May Order. Doc. No. 125 at 5-25.  In the alternative, Geomatrix argues that its withdrawal of privilege assertions in March 2022 does not amount to a waiver because it was an inadvertent mistake that was soon corrected and did not harm Eljen.  *Id.* at 31.  With respect to Eljen's request for sanctions, Geomatrix argues that it "promptly and fully complied with all of the Court's orders" and that Eljen has suffered no prejudice.  *Id.* at 31-32.

## II.   <u>ANALYSIS</u>

### A.  The revised privilege objections are untimely

Geomatrix devotes the majority of its brief to describing the substance of the Disputed Documents in a belated attempt to demonstrate that they qualify for protection as privileged attorney-client communications and/or current litigation work product.  Doc. No. 125, at 5-25.  However, it is not enough for an objection to have substantive merit: it also must be asserted in the manner and time prescribed by the procedural rules.  *See Imperati v. Semple*, No. 3:18-cv-1847 (RNC), 2020 WL 4013304, at *7 (D. Conn. July 16, 2020) (Farrish, M.J.) ("[L]itigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests. . . .  The very notion of such a chaotic system would make it impossible for cases to be resolved in a 'just, speedy, and inexpensive' manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.") (citation and quotation marks omitted).

In the present case, even assuming that the revised document descriptions on the June 2022 Log are finally substantively accurate, it was procedurally improper for Geomatrix to assert new descriptions and objections after prior, operative objections were overruled and to unilaterally conclude that it need not fully comply with the May 26 Order.  In its opposition

papers and at oral argument, Geomatrix seems to argue that the May 26 Order authorized a third-chance review of the 583 documents to determine whether the designations from the second-chance review were accurate.  However, the Order included no such provision.  Additionally, in its brief, Geomatrix argues that the Order did not require production of privileged attorney-client communications or current litigation work product, which is what the Disputed Documents actually are – despite the fact that Geomatrix previously described them as work product from prior litigations.  Doc. 125 at 16-18.  However, the Order contained no such loophole, given that it plainly required production of all documents as to which Geomatrix maintained only the single objection that the Court overruled.

Rule 45 provides, in relevant part:

A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).  The purpose of the privilege log is to permit the opposing party to evaluate and determine whether to challenge such claims and for the Court to adjudicate them if necessary.  *See* Rule 45 advisory committee's note to 1991 amendment (The privilege log requirement in subpoena context "corresponds to . . . Rule 26(b)(5)" and "[i]ts purpose is to provide a party whose discovery is constrained by a claim of privilege or work product protection with information sufficient to evaluate such a claim and to resist if it seems unjustified."); *see also* Rule 26(b)(5) advisory committee's note to 2006 amendment (privilege log is required "so that the requesting party can decide whether to contest the claim and the court can resolve the dispute").  Here, Eljen relied on the "prior litigation work product" claim in the March 2022 Log when filing the Second Motion to Compel; Geomatrix defended that claim

when opposing the motion; and the Court relied on it in adjudicating the motion and issuing its May 26 Order.  Contrary to Geomatrix's strained reading, the Court's Order required production of all 583 documents withheld on the basis of the single objection that was raised, litigated, and overruled, including the 42 Disputed Documents.  The Order did not invite Geomatrix to take another bite at the privilege apple or hunt for alternative objections *post hoc*.  Even if Geomatrix believed it had good cause to seek relief from the Order, it could not rewrite the Order or unilaterally choose not to comply.

Nor can the relevant provisions of the procedural rules reasonably be construed to permit new objections after the previously-stated objections were abandoned, overruled or otherwise shown to be unmeritorious.  *See* Rule 45(d) (deadline for objecting to subpoena requests), Rule 45(e)(2) (privilege log requirements), Rule 45(g) (consequences for noncompliance with discovery orders relating to subpoenas), or Rule 37(b) (consequences for party noncompliance with discovery orders); *see also*, *e.g.*, *Imperati*, 2020 WL 4013304, at *8 (court found it "troubling" that, after being "[f]orced to abandon [an] unmeritorious objection, [the litigant] did not then produce all responsive documents; instead, he withheld some under new privilege claims that he could have asserted – but did not assert – in his written response months before."); *Imaginative Rsch. Assocs., Inc. v. Ramirez*, No. 3:07-cv-861 (JBA), 2008 WL 11375398, at *5 (D. Conn. Oct. 31, 2008) (Margolis, M.J.) (litigant violated court's order on motion to compel by withholding documents based on objections not included in the operative set that was adjudicated by the court); *see also Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA), 2021 WL 723319, at *4 n.1 (D. Conn. Feb. 24, 2021) (Farrish, M.J.) ("Courts around the country have held that the failure to brief an objection constitutes an abandonment of that objection.").

Geomatrix argues that the objections in the June 2022 Log are not new because the Disputed Documents were initially labeled as attorney-client privileged and/or work product in the November 2021 and January 2022 Logs but then were "inadvertently not included" in the March 2022 Log by "more junior members of the legal team."  *See* Doc. No. 125-1 ¶¶ 5, 11. While Geomatrix is correct that it initially claimed both attorney-client and work product privilege in generic fashion as to the Disputed Documents, the most reasonable interpretation of the record is that Geomatrix abandoned these objections consciously, not inadvertently.  In her Order, Judge Arterton specifically directed Geomatrix to review the documents listed on the January 2022 Log to determine whether attorney-client and work product privileges were applicable and to produce any documents to which those privileges did not apply.  Doc. No. 104, at 5.  Consistent with that directive, the March 2022 Log indicates that each of the Disputed Documents was re-reviewed.  Doc. No. 119-4.  Columns were added to the March 2022 Log to list the author/sender of each of the Disputed Documents, the recipient and persons copied, and the descriptions of the Disputed Documents were completely revised to state that they contained attorneys' mental impressions and/or strategies with respect to the prior 670 Patent litigations. *Id.*  As part of these wholesale changes, Geomatrix deleted all prior claims of attorney-client privilege or present litigation work product as to the Disputed Documents.  *See* Revisions Chart, Doc. No. 125-2.  In light of Judge Arterton's order, which not only provided Geomatrix with a second-chance opportunity to produce a proper log but also admonished Geomatrix as to the Court's expectations for such a log, it is implausible that Geomatrix would conduct anything other than a systematic and careful review.

Indeed, while Geomatrix asserts in conclusory fashion that the 42 entries at issue in the March 2022 Log were "inadvertent" errors and not "the result of a strategic decision," *see*

Taggart Decl., Doc. No. 125-1 ¶ 13, it has not provided an adequate factual foundation to support such a conclusion.  The conclusory assertions in counsel's declaration raise more questions than answers, including as to: (1) the identity of the person(s) who conducted the re-review after Judge Arterton's March order and their level of experience in document/privilege review, (2) the manner in which the second-chance review was conducted, (3) the identity of the person(s) who drafted those 42 revised entries in the March 2022 privilege log and the level of supervision provided during that process by more senior members of the litigation team,[4] (4) whether it was a clerical or cut-and-paste error, or whether the entries reflected the reviewer's substantive assessment of the Disputed Documents, and (5) the absence of any declaration from the reviewer(s) confessing to inadvertent omission of attorney-client privilege with respect to the Disputed Documents and explaining how such omissions came about.  Given that Geomatrix's mandate, pursuant to Judge Arterton's Order, was to describe the nature of the materials with adequate detail to permit assessment of any privilege assertion, including attorney-client and work product privilege claims, the Court cannot credit Geomatrix's explanation, in the absence of a more complete factual record, that the reviewer's entries were "inadvertent."

Moreover, even assuming that the abandonment of prior objections and substitution of the single prior litigation work product objection in March 2022 Log was inadvertent and "not the result of a strategic decision," as Geomatrix claims, *see id.* ¶ 13, the Court can neither pretend that it never happened nor ignore Geomatrix's serial failure to properly log the documents despite Eljen's repeated requests and the court's intervention.  Geomatrix did not, as it alleges, "consistently assert[] attorney-client privilege over every one of these 42 documents."

---

[4] The case docket indicates that, at the time of Judge Arterton's March 1, 2022 Order, there were five attorneys from the Honigman law firm who had appearances for Geomatrix, three of whom are partners according to the firm's website.

*See* Taggart Decl., Doc. No. 125-1 ¶ 11.  As Judge Arterton held, proper assertion of privilege requires more than "generic labels."  JBA Order, Doc. No. 104, at 5; *see also Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 85 (S.D.N.Y. 2019) (omission of critical information that would allow for a challenge to a claim of privilege may be viewed as a waiver of the privilege or protection) (collecting examples).  As noted above, the March 2022 Log was a second-chance opportunity afforded to Geomatrix by Judge Arterton to cure its deficient log by providing accurate and adequate descriptions.  *See* Doc. No. 104, at 5 (describing the January 2022 Log as ineffective and ordering Geomatrix "to revise its privilege log to include sufficient information for each entry explaining why the content in that document is protected").  While Geomatrix may have generically invoked attorney-client privilege and current litigation work product at some point prior to the June 2022 Log, it did not raise those claims in a manner fully compliant with Rule 45(e)(2).

In short, Geomatrix is not attempting to cure a temporary oversight – it is attempting to raise claims of privilege that it never properly raised before.  The June 2022 Log supplies, for the first time, substantive descriptions of the Disputed Documents that never appeared on any of the numerous prior logs.  Geomatrix has taken many previous bites at this apple; the new descriptions include essential information; and they are seven months late (November 2021 to June 2022).  For all these reasons, they are untimely.

### B.  Waiver of privilege objections

Having found that the new objections are untimely, the Court turns to the question of whether, under the present circumstances, there has been a waiver of attorney-client privilege and present litigation work product claims as to the Disputed Documents.  For purposes of this

analysis, the Court assumes that the revised document descriptions in the June 2022 Log are substantively accurate. [5]

Because the attorney-client privilege and work product doctrine "serve important values . . . courts are not quick to find that they have been waived." *Imperati*, 2020 WL 4013304, at *5; *see also Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 539 (D. Conn. 2006) (Smith, M.J.) ("[T]he attorney-client privilege is an important right that the court does not impinge on lightly."). In appropriate circumstances, failure to comply with the privilege log requirements may constitute waiver of the privilege. *AFP Imaging Corp. v. Philips Medizin Sys.*, No. 92-cv-6211 (LMM), 1993 WL 541194, at *3 (S.D.N.Y. Dec. 28, 1993); *see also* Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment ("To withhold materials without [the required] notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."); Fed. R. Civ. P. 45(d) advisory committee's note to 1991 amendment ("A party receiving a discovery request who asserts a privilege or protection but fails to disclose that claim is at risk of waiving the privilege or protection."). "Of relevance to such a determination is the nature of the violation, its willfulness or cavalier disregard for the rule's requirements, and the harm which results to other parties." *Id.*; *see also Imperati*, 2020 WL 4013304, at *6 (substituting "length of the delay" in place of "nature of the violation"). Courts have generally observed that "only flagrant violations of the discovery rules should result in a waiver of privilege." *Imperati*, at *6.

Fact patterns in similar cases addressing privilege waiver claims tend to address four types of defects: (i) a delay in raising the initial privilege objection, (ii) failure to serve any privilege log, (iii) a delay in serving a privilege log, and/or (iv) failure to include critical

---

[5] Consequently, the Court declines Geomatrix's request to review the materials *in camera*.

information in the privilege log.  *See Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 85 (S.D.N.Y. 2019) ("Withholding privileged materials without including the material in a privilege log 'may be viewed as a waiver of the privilege or protection. . . .  The same principle applies to the omission of critical information that would allow for a challenge to a claim of privilege."); *see also Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007) ("An essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim.").  Waiver has been found based on these defects, either singly or in combination, where the noncompliance is flagrant.  *See*, *e.g.*, *Imperati*, 2020 WL 4013304 (citing cases finding waiver based on four-month and five-month delays in serving privilege logs); *Allied World Ins. Co. v. Keating*, No. 3:21-cv-58 (VLB), 2022 WL 538211, at *4 (D. Conn. Feb. 23, 2022) (privilege log was nearly four months overdue and contained only a single line of description regarding 900 pages of material); *McNamee v. Clemens*, No. 09-cv-1647 (SJ), 2014 WL 1338720, at *4 (E.D.N.Y. Apr. 2, 2014) (privilege log was not served along with the initial objection and, after court provided second chance, the ensuing log was inadequately detailed); *Am. Intl Specialty Lines Ins Co. v. Connecticut Res. Recovery Auth.*, No. 3:06-cv-699(AVC), 2012 WL 13018418, at *4 (D. Conn. Mar. 6, 2012) (privilege log prepared but inadvertently not served for four years); *Horace Mann*, 238 F.R.D. at 538 (initial objections served 22 days late, no log served, and litigant's excuses lacked credibility given its failure to seek extension of deadline).

Here, Geomatrix did raise privilege objections and served a privilege log as to the Disputed Documents, but the initial iterations of the privilege logs in November 2021 and January 2022 lacked critical information necessary to assess the objections as required by Rule

45(e)(2).  In similar circumstances, courts often afford the asserting party a chance to cure the deficiency.  *See*, *e.g.*, *Main St. Am. Assurance Co. v. Savalle*, No. 3:18-cv-2073 (JCH), 2019 WL 4437923, at *5 (D. Conn. Sept. 16, 2019) (Merriam, M.J.) (granting second chance to to generate initial privilege log); *McNamee v. Clemens*, 2014 WL 1338720 at *3-4 (same); *Chevron Corp. v. Donziger*, No. 11-cv-691 (LAK)(JCF), 2013 WL 4045326, at *3 (S.D.N.Y. Aug. 9, 2013) (granting second chance to amplify inadequate document descriptions in privilege log).

However, where privilege log deficiencies persist even after court intervention or there is substantial delay in asserting the privilege claims, courts may find that the privilege objections have been waived.  *See*, *e.g.*, *Main St. Am. Assurance Co. v. Savalle*, No. 3:18-cv-2073 (JCH), 2019 WL 5704403, at *8 (D. Conn. Nov. 5, 2019) (Merriam, M.J.) (ordering production after second-chance log still lacked adequate detail, and framing deficiency as failure to meet burden of establishing privilege rather than "waiver"); *McNamee v. Clemens*, 2014 WL 1338720, at *3-4 (finding privilege waiver where second-chance log lacked adequate detail); *Dey, L.P. v. Sepracor, Inc.*, No. 07-cv-2353 (JGK)(RLE), 2010 WL 5094406, at *3 (S.D.N.Y. Dec. 8, 2010) (finding waiver on substantial delay and prejudice grounds where, after initially serving an adequate privilege log, the plaintiff withdrew certain objections in a revised log – however, upon being asked to produce the materials subject to the withdrawn objections, the plaintiff waited five more months and then "reasserted" that the documents were privileged after discovery was closed, which was two years after the objections had been withdrawn).

In the present case, after reviewing the January 2022 Log, Judge Arterton admonished Geomatrix that "[c]entral to the inquiry of whether documents are protected by either attorney-client privilege or work product doctrine, and thus justifiably withheld, is the provision of effective descriptions of these documents and their contents," described many of the entries as

"unilluminating," and held that the Log "does not effectively indicate [] why each document was withheld beyond generic labels." Doc. No. 104, at 4-5. Notably, the consolidated January 2022 Log that Judge Arterton analyzed was not the first log and, in fact, the deficiencies she identified had persisted through various prior iterations, despite Eljen's repeated requests for adequate information to assess the assertions. Nevertheless, Judge Arterton provided Geomatrix another chance to produce a compliant privilege log. In response, as detailed above, Geomatrix re-reviewed its privilege assertions and, with respect to the Disputed Documents, abandoned its prior claims of attorney-client privilege and current litigation work product and substituted a single objection that the documents were work product from the prior 670 Patent litigations. Even accepting that Geomatrix's representation that the June 2022 Log is finally accurate, this did not occur until seven months after the privilege log was due under Rule 45(d)(2)(B), amounting to a substantial delay.

Geomatrix's deficiencies in the present case are similar to, but greater than, those found to constitute a waiver in *Dey*. As in *Dey*, Geomatrix withdrew its initial objections (attorney-client privilege and current litigation work product) as to the Disputed Documents in the March 2022 Log, and is now attempting to reassert them after the close of discovery. However, even more problematic than in *Dey*, the initial objections that Geomatrix is attempting to re-assert were never adequately raised in the initial logs, as Judge Arterton found in her ruling. Moreover, in the interim, Geomatrix substituted a different objection (prior litigation work product), asked the Court to adjudicate it, and is now attempting a third bite at the apple after that objection was overruled. In the seven months prior to the June 2022 Log, Geomatrix failed to properly raise those objections. The Court finds that this clear and obvious disregard for the procedural rules for asserting privilege objections to disclosure constitutes a waiver of any such claims. In

reaching this conclusion, the Court need not, and does not, make any finding that Geomatrix's failure to properly raise the untimely objections for seven months was deceitful or otherwise undertaken with ill-intent. However, given the persistence of the procedural failures despite Court intervention and in light of the record before the Court, the Court cannot conclude that Geomatrix's failure to timely raise the objections asserted in the June 2022 Log was merely a mishap or bad fortune.

The Court also disagrees with Geomatrix's accusation that Eljen is "opportunistically" attempting to exploit innocent errors to obtain obviously privileged materials, as well as Geomarix's contention that Eljen has not been harmed by Geomatrix's noncompliance. Opp. Br., Doc. No. 125, at 33-36. As a threshold matter, Geomatrix cannot fairly suggest that the documents are outside the scope of discovery, having conceded that they are responsive to the subpoenas. Furthermore, in light of the material differences in the description of the documents between the January 2022 and March 2022 Logs, it is reasonable for Eljen to believe that Geomatrix's abandonment of the attorney-client privilege and current litigation work product objections was deliberate, and reasonable for Eljen to contend that Geomatrix should be bound by the objection it chose to assert in the March 2022 Log and in opposition to the Second Motion to Compel. Eljen was entitled to rely on the March 2022 Log, and it is not Eljen's burden to protect Geomatrix from its own litigation decisions. Meanwhile, Eljen has suffered harm, and likely prejudice. Eljen has had to expend significant time and resources to review, compare, and contrast six versions of privilege logs; to take a deposition exploring designations that then changed; and to brief and argue three successful motions to compel. The Court also credits the representation of Eljen's counsel at oral argument that the scale of Geomatrix's privilege log and the persistence of its noncompliance has forced Eljen to pick its battles, leaving an open question

as to what other inaccuracies in the privilege logs may have deprived Eljen of responsive information to which it was entitled.  Eljen should not, at a minimum, have to go back to square one to evaluate and potentially challenge the untimely objections regarding 42 documents that it already successfully moved to compel, and which were responsive to subpoenas served in October 2021.

For all these reasons, the Court concludes that Geomatrix has waived the privilege objections raised in the June 2022 Log, and that Eljen is entitled to full disclosure of the 42 Disputed Documents.

### C.  Sanctions

The Court also finds that the circumstances warrant sanctions under Rule 37(a) and (b). As described above, Geomatrix has acted with clear and obvious disregard for the procedural rules concerning privilege assertions and for the Court's May 26 Order.  The objections in the June 2022 Log were not properly raised for at least seven months, despite court intervention and multiple opportunities.  Although Geomatrix contends that this was mere inadvertent error, the conclusory assertions of counsel are insufficient to support such a finding, especially in the context of this saga in which Geomatrix's persistent failures have resulted in three motions to compel.  Furthermore, the Court takes a dim view of Geomatrix's strained reading of the May 26 Order, and finds that it was inappropriate for Geomatrix to conclude that it need not comply without the Court's input or authorization.  Eljen has been harmed as a result, including unnecessary expenditures of time, focus, and resources, and has likely suffered prejudice. Geomatrix's procedural noncompliance has also resulted in an undue burden on the Court, which was forced to adjudicate in the lengthy May 26, 2022 ruling claims relating to prior litigation work product protection only to subsequently have to issue another lengthy ruling as to

additional *post hoc* privilege claims.  Consequently, the Court finds, after having given Geomatrix an opportunity to be heard, that its failure to produce the Disputed Documents in contravention of the Court's May 26 Order and its attempt to assert untimely objections were not "substantially justified" under Rule 37(a)(5) or (b)(2)(C).  The Court therefore grants Eljen's request for an award of the reasonable expenses, including attorney's fees, caused by those failures.

III.   **<u>CONCLUSION</u>**

For the foregoing reasons, defendant's Motion to Compel, Doc. No. 119, is **GRANTED**.
The privilege objections asserted in plaintiff's June 2022 Log relating to the 42 Disputed Documents are deemed waived, and are overruled.  Pursuant to Local Rule 37(d), Geomatrix shall produce complete, unredacted copies of all 42 documents on or before **October 13, 2022**. Additionally, on or before **October 13, 2022**, Eljen may submit an application for an award of reasonable expenses and fees pursuant to Rule 37, and Geomatrix may submit any objection to the items or amounts on or before **October 27, 2022**.  Alternatively, the parties may stipulate to a total amount and file a notice requesting the Court's approval thereof.

This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED, this 29th day of September, 2022, at Bridgeport, Connecticut.

<u>/s/ S. Dave Vatti</u>
S. DAVE VATTI
United States Magistrate Judge