UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMATRIX SYSTEMS, LLC,<br>    *Plaintiff*, | )   3:20-CV-1900 (SVN)<br>)<br>) |
| v. | )<br>) |
| ELJEN CORPORATION,<br>    *Defendant*. | )<br>)   November 8, 2023 |

## ORDER ON DEFENDANT'S MOTION TO STRIKE

Sarala V. Nagala, United States District Judge.

In this patent infringement action, Plaintiff Geomatrix Systems, LLC has alleged that Defendant Eljen Corporation infringed on four of Plaintiff's wastewater systems patents.[1] Compl, ECF No. 1. After some initial discovery, Eljen amended its answer to include an affirmative defense and counterclaim accusing Geomatrix of inequitable conduct, for lying to the Patent and Trademark Office. ECF Nos. 56, 61, 131, 138.

Presently, Eljen seeks to strike one of Geomatrix's expert reports as untimely. Geomatrix argues that the report is timely and, alternatively, that even if the report was untimely, it should not be precluded. *Id.* For the reasons described below, the Court holds that the report is untimely, but does not preclude it. Instead, Eljen will be given time to depose the author of the report. Thus, Defendant's motion to strike is DENIED.

    **I.**    **BACKGROUND**

The procedural history of this case is relevant to Eljen's motion to strike. Prior to the transfer of this case from Judge Arterton, the parties conducted fact discovery and completed claim construction. As part of claim construction, Eljen asserted inequitable conduct by Geomatrix, both

---

[1] As discussed below, Plaintiff has since declined to pursue claims based on two of its patents.

as an affirmative defense and a counterclaim. ECF Nos. 56, 61, 131, 138. The alleged inequitable conduct pertains to what Eljen claims are misrepresentations concerning the computer metadata of a particular photograph relevant to a patent application submitted by Geomatrix. The parties do not dispute that Eljen bears the burden for proving inequitable conduct.

The Court's scheduling orders setting expert disclosure deadlines are integral to the parties' present dispute. The parties submitted their Rule 26(f) report in February of 2021; this report proposed a particular schedule for expert disclosures. ECF No. 30. Specifically, the parties jointly proposed, in relevant part, that, "[w]ith the exception of damages, the party with the burden of proof as to any liability issue" must disclose the required expert report within thirty days of the Court's issuance of its *Markman* ruling. *Id.* at 18. The responding party was to disclose its expert report(s) within forty-five days thereafter. *Id.* The parties also proposed that, "[i]f the party with the burden has disclosed no experts, the responding party must make any expert disclosures within thirty (30) days of the deadline for the party with the burden to disclose experts." *Id.*

On March 17, 2021, the Court (Arterton, J.) issued its first scheduling order, approving and amending, in part, the parties' Rule 26(f) report. ECF No. 39. Rather than adopting the parties' proposal as to the scheduling of expert reports, the Court ordered that "Plaintiff's expert reports will be disclosed by 11/1/21" while "Defendant's expert reports will be disclosed by 1/2/22 . . . ." *Id.* at 1. In this initial order, then, the Court specified the dates for expert disclosure by party, rather than by burden of proof. This formulation for expert disclosures did not hold, however. On June 1, 2021, following a conference with counsel, Judge Arterton amended the scheduling order. ECF No. 55. In this amended order, the Court explained that the deadline for "[e]xperts on issues as to which party bears the burden of proof" would commence thirty days after "ruling on construction rebuttal experts." *Id.* at 1. Then, on September 8, 2021, following a joint motion to

amend the scheduling order, the Court adopted a final formulation proposed by the parties: "[l]iability expert reports on issues for which the parties bear the burden of proof" would occur on a date to be determined, while "[r]ebuttal liability expert reports" would occur forty-five days after the opening reports.  ECF No. 73 at 2; ECF No. 74 (adopting proposed schedule from ECF No. 73).  Crucially, the parties did not propose a date for the disclosure of non-burden of proof experts, and the Court did not impose one.  While the Court continued to amend the scheduling order going forward, this format for expert disclosures—a date for expert reports on issues for which the parties bear the burden of proof, followed by a date for production of "rebuttal" expert reports—remained the same.  ECF Nos. 86, 103, 109, 138.

After the case was transferred to the undersigned, the Court issued a docket entry to "make explicit the remaining deadlines" in the case.  ECF No. 148.  Specifically, it ordered "liability expert reports" to be disclosed by June 26, 2023, with "rebuttal liability reports" to be disclosed by August 8, 2023.  *Id.*

On June 26, 2023, Geomatrix served only one liability expert report on wastewater systems, authored by Bonneau Dickson.  ECF No. 155-1 at 3.  It did not disclose an expert on computer metadata issues.  Eljen also only served one expert report on wastewater systems, authored by Pio Lombardo.  *Id.*  Mr. Lombardo's report acknowledged his understanding that Eljen's inequitable conduct claim relies, in part, on alleged misstatements concerning computer metadata, but explicitly did not address this issue because he is a wastewater systems expert, not a computer expert.

Then, on August 8, the parties disclosed rebuttal reports of both Mr. Dickson and Mr. Lombardo.  *Id.*  In addition to disclosing Mr. Lombardo's rebuttal report, Geomatrix also disclosed the declaration of Jonathan Hochman, a computer expert.  Mr. Hochman's declaration discussed

3

the metadata issue related to the dates of the computer files on which Eljen's inequitable conduct claim is based. ECF No. 161 at 12. Eljen objected to the Hochman Declaration as untimely disclosed and as facially deficient, as it failed to include a list of Mr. Hochman's qualifications, prior case engagements, and publications. *Id.* On August 10, 2023, Geomatrix supplemented its disclosure by providing a list of Mr. Hochman's publications and prior expert testimony. As Eljen still viewed the disclosure of Mr. Hochman's materials as untimely, it filed the present motion to strike his declaration. ECF No. 155-1 at 4.[2]

## II.     LEGAL STANDARD

Parties must make their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." If a party has failed to timely disclose information required by Rule 26, the opposing party may seek sanctions, including preclusion of the untimely information. *See Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014). "Rule 37(c)(1)'s preclusionary sanction is automatic absent a determination of either substantial justification or harmlessness." *Id.* (quoting *Innis Arden Golf Club v. Pitney Bowes, Inc.*, No. 3:06-cv-1352 (JBA), 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009)). The purpose of this rule is "to prevent the practice of 'sandbagging' an adversary with new evidence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

---

[2] After the filing of the motion to strike, the parties filed cross-motions for summary judgment. *See* ECF Nos. 167 (Eljen's motion) and 169 (Geomatrix's motion). While Eljen has not moved for summary judgment as to its inequitable conduct claim, and therefore has not referenced the Hochman Declaration in its motion, Geomatrix submitted it in connection with its motion.

**III.     DISCUSSION**

Eljen argues that the Hochman Declaration should be precluded because the report was untimely under the Court's operative scheduling order, which required submission of liability expert reports on June 26, 2023, and rebuttal expert reports on August 8, 2023.  Specifically, Eljen contends that the Hochman Declaration is not a rebuttal expert report, and thus should have been disclosed by Geomatrix on June 26, 2023, when liability expert reports were due.  Geomatrix counters that it could not have predicted Eljen would not offer its own expert on computer issues relevant to Eljen's inequitable conduct claim, and that the June 26, 2023, deadline was always contemplated to be the deadline by which the parties would disclose experts on issues as to which they bear the burden of proof.  Since Geomatrix does not bear the burden of proof on Eljen's inequitable conduct claim, its argument goes, Geomatrix was not required to produce the Hochman Declaration by June 26, 2023.

As discussed below, Court finds that the Hochman Declaration was disclosed by Geomatrix in an untimely manner because the operative scheduling order contemplated the disclosure of only *rebuttal* expert reports on August 8, 2023, and the Hochman Declaration cannot fairly be characterized as a rebuttal report.  However, application of the factors from *Softel, Inc. v. Dragon Med. and Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) supports allowing Geomatrix to utilize the Declaration, despite its untimeliness.  Therefore, the Court denies Eljen's motion to strike, but will afford Eljen time to depose Mr. Hochman.  Eljen will not be permitted, however, to disclose its own rebuttal computer expert, having waived its right to present an expert on this issue by failing to disclose one by the initial June 2023 deadline.

### A. Timeliness of the Hochman Declaration

The Court begins with interpretation of the operative scheduling order. In ECF No. 138, the Court explained that "[l]iability expert reports on issues for which the parties bear the burden of proof" must be filed thirty days after the supplemental fact deposition deadline. *Id.* at 3. The order also explained that "[r]ebuttal liability expert reports" would be due forty-five days after "opening reports." *Id.* Then, in ECF No. 148, the Court set the deadline for "liability expert reports" as a date certain—June 26, 2023—and the deadline for "rebuttal liability expert reports" as a second date certain—August 8, 2023.

Geomatrix argues that the June deadline only applied to issues for which the party disclosing the expert bears the burden of proof. ECF No. 161 at 10. Because Geomatrix did not bear the burden of proof as to Eljen's inequitable conduct claim, Geomatrix believes the June deadline did not apply to its disclosure of the Hochman Declaration, which addresses the inequitable conduct issue. *Id.* at 10–12. Eljen, on the other hand, argued in their briefs that expert witnesses on *all* issues of liability—regardless of which party bears the burden of proof—had to be disclosed by June 26, 2023. *See* ECF No. 155-1 at 7.

At oral argument, both parties agreed that ECF No. 138 set deadlines (to be determined) for the parties to submit expert reports on issues for which the disclosing party bears the burden of proof. This was the intention of the parties in submitting their proposed scheduling order to the Court, and this was the interpretation all parties operated on after the Court adopted the order. Thus, the parties do not dispute the meaning and import of ECF No. 138. Rather, the parties dispute the impact of ECF No. 148, including whether it served to alter the substance of ECF No. 138. Specifically, there is disagreement about whether that order jettisoned the requirement that expert reports must be disclosed in June only as to issues for which a party bears the burden of

6

proof.  The Court acknowledges that its failure to exactly adopt Judge Arterton's terminology when setting the deadlines in ECF No. 148 may have spurred confusion, and apologizes for any imprecision in this regard.  In issuing ECF No. 148, the Court did not intend to substantively change what was due on the first expert disclosure deadline; rather, it sought only to set dates certain for those disclosures, to ensure that the deadlines were clear.  If Eljen truly believed that ECF No. 148 shifted the landscape of expert disclosures significantly, such that *all* liability expert reports were due in June, it should have sought clarification from the Court.  That the Court's scheduling orders had, for years, contemplated that the first expert disclosure deadline would pertain to reports on issues for which a party bears the burden of proof supports Geomatrix's reading of the order.

Thus, because the June 26, 2023, deadline only applied to disclosing experts on issues for which the disclosing party bears the burden of proof, Geomatrix was not required to disclose the Hochman Declaration by that deadline.

The question that remains, then, is whether Geomatrix's disclosure of the Hochman Declaration on August 8, 2023, is timely.  As noted above, the parties were to disclose "rebuttal liability expert reports" by the August deadline.  Federal Rule of Civil Procedure 26 allows rebuttal expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  A rebuttal's scope "is limited to the same subject matter encompassed in the opposing party's expert report, [and] district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (quoting *Allen v. Dairy Farmers of America, Inc.*, No. 5:09-cv-230, 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013)).  While the "rebuttal expert is permitted to use new methodologies," those methodologies must be "for the

purpose of rebutting or critiquing the opinions of [the opposing party's] expert witness." *Id.* (quoting *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009)) (alteration in original). Accordingly, "[t]he 'task of a rebuttal expert is different from that of an affirmative expert. A rebuttal expert, by nature, criticizes the methodology and/or opinions of another.'" *Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 29 (S.D.N.Y. 2020) (quoting *Luitpold Pharms., Inc. v. ED. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-cv-681 (KBF), 2015 WL 5459662, at *12 (S.D.N.Y. Sept. 16, 2015)) (internal citation omitted). Thus, rebuttal experts "have a less demanding task because they have no burden to produce models or methods of their own; they need only attack those of plaintiff's expert." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 78 (S.D.N.Y. 2017) (quoting *In re Zyprexa Prods. Liab. Litig.*, 489 F. Supp. 2d 230, 285 (E.D.N.Y. 2007)) (cleaned up).

Under these standards, Mr. Hochman is not a rebuttal witness. First, the Court disagrees with Geomatrix's expansive interpretation of the law regarding the scope of rebuttal expert witnesses. As an initial matter, Federal Rule of Civil Procedure 26(2)(D)(ii) contemplates that a rebuttal expert is one who "contradict[s] or rebut[s] evidence on the same subject matter identified by another party" under the expert disclosure rules. As Eljen did not disclose an expert witness on computer metadata, there was no expert evidence on the same subject matter for Geomatrix to rebut. The only witness that Mr. Hochman could contradict or rebut was Mr. Lombardo, but he expressly declines to address the metadata issue because he was "not engaged to evaluate those metadata issues . . . ." ECF No. 161-2 ¶ 146. Therefore, Mr. Hochman could not be a rebuttal witness vis-à-vis Mr. Lombardo, as he intentionally avoided the topic Mr. Hochman directly addresses. The Court sees no reasonable way to interpret Mr. Lombardo's express disavowal of metadata expertise as an invitation to rebut. Moreover, Mr. Hochman's Declaration does not

mention Mr. Lombardo even once, belying Geomatrix's contention that it was intended to rebut Mr. Lombardo's report.

Although there appears to be no controlling authority from the Second Circuit on this issue, other courts that have addressed the issue have interpreted the scope of a rebuttal report as this Court does. *See, e.g.*, *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17–18 (D.D.C. 2013); *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 15–16 (D. Mass. 2013). For these reasons, the Court holds that the Hochman Declaration is not a proper rebuttal expert report, and therefore was not timely when it was first disclosed on the deadline for submission of rebuttal expert reports.[3]

B. Preclusion

Because the Hochman Declaration is an untimely expert report, the Court must consider whether it is still proper to allow Geomatrix to rely upon it. While "preclusion of an expert report can be a harsh sanction," it may be appropriate under certain circumstances. *In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017) (quoting *Sandata Techs., Inc. v. Infocrossing Inc.*, Nos. 05 Civ. 9546 (LMM) (THK), 06 Civ. 1896 (LMM) (THK), 2007 WL 4157163, at *7 (S.D.N.Y. Nov. 16, 2007)). "In determining whether preclusion is appropriate, courts must consider: (1) the reasons for the delay in providing the evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance." *Id.* (citing *Softel*, 118 F.3d at

---

[3] This holding, when read in connection with the Court's earlier holding that the Hochman Declaration need not have been disclosed by June 26, 2023, understandably begs the question of when Geomatrix should have disclosed the Hochman Declaration under the operative scheduling order. At oral argument, Geomatrix stated that it always intended to disclose a computer metadata expert; knowing this fact, when June 26 came and went without a computer systems expert disclosure from Eljen, the better practice would have been for Geomatrix to inform the Court of its plan to disclose Mr. Hochman as a computer expert and to seek permission to produce his report by a particular date. Had Geomatrix proceeded this way, the argument that it was attempting to sandbag Eljen by waiting until August 8 would be less potent.

961; *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir. 1988)).  None of these factors are dispositive, and "each factor is to be balanced against the others in making the determination." *In re Bear Stearns,* 263 F. Supp. 3d at 452.

In this circumstance, the Court finds preclusion inappropriate.  The first factor, the reasons for the delay, weighs in Geomatrix's favor.  Geomatrix insists that it reasonably understood that it could submit non-burden of proof experts by August 8, 2023.  ECF No. 161 at 25.  Eljen argues that Geomatrix has consistently abused the discovery process in the course of this litigation, and that Geomatrix intended "to jam" Eljen on the rebuttal deadline.  ECF No. 155-1 at 10.  The Court tends to agree with Geomatrix.  As the Court explained above, Geomatrix was correct that the June 26, 2023, deadline was for experts on issues for which the disclosing party disclosing bears the burden of proof.  Thus, Geomatrix reasonably believed that it did not have to disclose Mr. Hochman's report by the June 26 deadline.  While Geomatrix was mistaken that the August 8 deadline also applied to non-burden of proof experts, there is no reason to believe Geomatrix was willfully recalcitrant.  Further, Eljen was not jammed at the deadline, because it could have disclosed a metadata expert of its own on the June 26 deadline.  As its counsel stated at oral argument, Eljen chose not to, for strategic reasons.  Thus, the first factor weighs in Geomatrix's favor.

The second factor, importance of the evidence, also weighs in Geomatrix's favor.  As both parties agree, the metadata issue is relevant to Eljen's inequitable conduct claim.  Where Eljen argues that the Hochman Declaration is confusing at best and irrelevant at worst, ECF No. 155-1 at 10–11, Geomatrix responds that the issue is "central," ECF No. 161 at 28.  The Court finds the issues addressed by the Hochman Declaration relevant, and, further, finds that the Hochman Declaration provides some insight into metadata analysis outside of the ken of a normal juror.

Moreover, the Hochman Declaration is important in Geomatrix's defense of Eljen's inequitable conduct claim. *See In re Puda Coal Sec. Litig.*, 30 F. Supp. 3d 230, 256 (S.D.N.Y. 2014) (explaining the importance of allowing a party to oppose a theory or evidence integral to an opposing party's defenses, despite untimely disclosure).

The third factor, prejudice to the opposing party, weighs in Geomatrix's favor. For all the reasons already discussed, the Court had set expert disclosure deadlines to provide the parties with notice and opportunity to respond to an opposing party's expert testimony. Eljen chose not to disclose an expert on metadata. Geomatrix did. To allow Eljen to thwart Geomatrix at the eleventh hour because of Eljen's strategic choice to not disclose an expert would be prejudicial to Geomatrix. *See In re Puda*, 30 F. Supp. 3d at 256 (noting that failing to allow a defense expert on an issue based on the plaintiff's decision not to offer an expert on that issue would "grant plaintiff a unilateral veto right over the type of proof [the defendant] may offer in [its] own defense").

The final factor, the possibility of continuance, also weighs in Geomatrix's favor. No trial date has been set and the Court has suspended the deadlines for the parties to respond to the motions for summary judgment. ECF No. 174.

For all the reasons described above, the Court finds that inclusion of the Hochman Declaration is warranted under the *Softel* factors. Eljen's motion to strike is therefore denied. As the Court has previously expressed, however, it will allow Eljen time to depose Mr. Hochman. Any such deposition must be completed by **December 8, 2023.** The Court denies Eljen's request to be able to disclose a computer rebuttal expert of its own; having made a strategic decision not to disclose its own expert on this topic in June, it should not now be afforded the windfall of being allowed to engage a rebuttal expert.

11

## IV.     CONCLUSION

For the reasons described herein, Eljen's motion to strike is DENIED.  Eljen may depose Mr. Hochman by **December 8, 2023**.  Responses to the parties' cross-motions for summary judgment shall be due **January 8, 2024.**  Replies may be filed by **January 29, 2024.**

**SO ORDERED** at Hartford, Connecticut, this 8th day of November, 2023.

                                            _/s/ Sarala V. Nagala_
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE