UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEOMATRIX SYSTEMS, LLC, ) *Plaintiff and Counterclaim Defendant*, ) ) v. ) ) ELJEN CORPORATION, ) *Defendant and Counterclaim Plaintiff.* ) | 3:20-cv-1900 (SVN) March 11, 2025 |

### RULING ON DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER

Sarala V. Nagala, United States District Judge.

On November 12, 2024, the Court issued an order denying Defendant and Counterclaim Plaintiff Eljen Corporation's motion for summary judgment, and granting in part and denying in part Plaintiff and Counterclaim Defendant Geomatrix Systems, LLC's motion for summary judgment. *Geomatrix Sys., LLC v. Eljen Corp.*, No. 3:20-CV-1900 (SVN), 2024 WL 4753310 (D. Conn. Nov. 12, 2024). Eljen moves for reconsideration of the Court's order that certain references it relied on for its invalidity defenses were not "printed publications" or in "public use or on sale" prior to the critical date. Eljen's Mot. Recons., ECF No. 202. Specifically, Eljen argues that the Court ruled against Eljen on this issue based on a hearsay issue that Geomatrix did not raise and that the Court's order overlooks controlling authority and data. For the following reasons, Eljen's motion for reconsideration is GRANTED.

#### I. PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with its order on their cross motions for summary judgment. *See Geomatrix Sys.*, 2024 WL 4753310. Accordingly, the Court discusses only the additional procedural background necessary for this ruling.

As relevant here, Geomatrix alleges that Eljen, one of its competitors, has infringed its U.S. Patent No. 9,174,863 (the "'863 Patent") relating to a technology used in septic leach fields. *Id.* at *1. Specifically, Geomatrix alleges that certain of Eljen's "Mantis" line products infringe various claims of the '863 Patent. *Id.* In response, Eljen counters that it has not infringed the '863 Patent and counterclaims that the '863 Patent is invalid. *Id.* After reviewing both parties' cross motions for summary judgment, the Court denied Eljen's motion and granted in part and denied in part Geomatrix's motion. *Id.* at *4. As to infringement, the Court concluded, as a matter of law, that Eljen's "Mantis" line products infringe on the '863 Patent. *Id.*

As to invalidity, the Court made four findings. First, the Court determined that neither party was entitled to summary judgment on the question of whether the '863 Patent is invalid for lack of written description of an "oblique angle." *Id.* Second, the Court found in favor of Geomatrix that Eljen could not rely on certain prior art references for its anticipation theories, because Eljen had not sustained its burden of demonstrating that they are "printed publications" or were in public use or on sale prior to a certain critical date. Of the several references that the Court previously found did not qualify as prior art references, only four are at issue in the present motion.[1] Eljen's Opening Br., ECF No. 202-1 at 6, 16. The Court additionally found that Eljen may not rely on any of those references to bring its obviousness theories, to the extent that any of its obviousness theories rely on them. *Geomatrix*, 2024 WL 4753310, at *4. Third, the Court concluded that Eljen may rely on reference combinations disclosed in its invalidity contentions and on its expert report, to the extent that the Court had not otherwise found that those references

---

[1] The four are: (1) a paper authored by Dr. Rein Laak titled "Using In-Drains at Soil Clogging Infiltration Surface" for presentation at the 1988 International Summer Meeting of the American Society of Agricultural Engineers ("1988 In-Drains"); (2) a promotional publication authored by Dr. Laak in 1992 titled "In-Drains: Sand Filled 6" × 4' W × 18" Long" ("1992 In-Drains"); (3) a product manual dated March 31, 1997 and written by Dr. Laak called, "Ruck L Fins"; and (4) Eljen's Mini/Max product ("Mini/Max"), which was described in a brochure ("Mini/Max Brochure") and letters from 2003 between Eljen's agent and the Connecticut Department of Public Health ("Mini/Max Letters") (collectively, the "Mini/Max References").

may not support an invalidity claim. *Id.* Fourth, the Court found that there were disputed issues of material fact concerning Eljen's theory that U.S. Patent No. 8,104,994 had priority over the '863 Patent. *Id.*

On November 15, 2024, Eljen timely filed its motion for reconsideration of the portion of the Court's order holding that certain references that Eljen relied on for its invalidity defenses were not "printed publications," or "in public use or on sale more than a year before January 27, 2005, the critical date." *Geomatrix*, 2024 WL 4753310, at *18–19; Eljen's Opening Br. at 5.

## II.   LEGAL STANDARD

Local Rule 7(c)1 provides that a party may file a motion for reconsideration within seven days of the filing of a decision or order by the Court "setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civ. R. 7(c)1. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Reconsideration is warranted "only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Nor is it a vehicle for "introducing new evidence that could have been adduced during the pendency of the underlying motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

### III.     DISCUSSION

In the Court's order on the parties' cross motions for summary judgment, the Court granted in part Geomatrix's motion insofar as it sought summary judgment that 1988 In-Drains, 1992 In-Drains, and Ruck L Fins are not printed publications and therefore may not serve as the bases for Eljen's anticipation and obviousness theories. *Geomatrix*, 2024 WL 4753310, at *18. In turn, the Court denied Eljen's motion for summary judgment on the grounds that 1988 In-Drains anticipates or renders obvious the '863 Patent and that 1992 In-Drains, in combination with other references, made invention of the '863 Patent obvious. *Id.* The Court additionally ruled in Geomatrix's favor that the Mini/Max is not prior art as a matter of law, having found that the product was not on sale or in public use prior to the critical date, January 27, 2005. *Id.* at *19. Eljen seeks reconsideration of these rulings in order to "prevent a manifest injustice and for the sake of efficiency." Eljen's Opening Br. at 19.

For the reasons described below, the Court grants Eljen's motion for reconsideration.

A. <u>Hearsay</u>

In support of its argument that 1988 In-Drains, 1992 In-Drains, and Ruck L Fins are printed publications, Eljen relied primarily on a report by its expert, Mr. Pio Lombardo. *Geomatrix*, 2024 WL 4753310, at *15–18. Specifically, Mr. Lombardo stated in his report that 1988 In-Drains was presented and freely distributed at a conference in 1988, that 1992 In-Drains was freely distributed publicly to the relevant industry at the time, and that Ruck L Fins was freely distributed to the public—all based on a conversation Mr. Lombardo had with Dr. Laak, the author of the foregoing documents. *Id.* at *15. Additionally, while it was not the primary piece of evidence that Eljen relied on to demonstrate that the Mini/Max is a prior art reference, Mr. Lombardo's expert report also stated that the Mini/Max was in public use or on sale more than one year before the critical

4

date of January 27, 2005, based on conversations Mr. Lombardo had with Mr. Mark Bram, Eljen's owner and former president. *Id.* at *19. Although Geomatrix had not raised a hearsay objection with respect to the statements made on the basis of Mr. Lombardo's conversations with Dr. Laak and Mr. Bram, the Court *sua sponte* found those statements to be inadmissible hearsay, opining that the personal knowledge objection Geomatrix had explicitly raised against Mr. Lombardo's opinion on these topics was motivated by the same concerns as the rule against hearsay. *Id.* at *16 n.12.

Upon further review, the Court now reconsiders that holding. The Court acknowledges that it should have deemed the hearsay objection waived, since Geomatrix did not raise it. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 (4th ed. 2024) ("[D]ocuments inadmissible under the evidence rules may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived."). Geomatrix did not raise a hearsay objection at any point in its briefing, even though it submitted Mr. Lombardo's expert report with its cross motion for summary judgment and referred to Mr. Lombardo's statements regarding the public accessibility of the references in its arguments on the legal insufficiency of Eljen's evidence. It was not until oral argument, which occurred well after briefing concluded, that Geomatrix broached the issue of hearsay. *See* Hearing Tr., ECF No. 192 at 43–45. Counsel for Geomatrix stated that Geomatrix's summary judgment briefing "absolutely argued [1988 In-Drains] hasn't been proven up as a printed publication" but acknowledged that the word "hearsay" was not mentioned. *Id.* at 43. The Court also pointed out that the hearsay issue was not argued in Geomatrix's summary judgment briefing. *Id.* As a result, Eljen did not have notice that any issue existed as to the admissibility of Mr. Lombardo's statements at the summary judgment briefing stage, and therefore did not have the opportunity to rectify the hearsay

5

issue by obtaining declarations from Dr. Laak and Mr. Bram repeating their statements to Mr. Lombardo as to the public accessibility of 1988 In-Drains, 1992 In-Drains, Ruck L Fins, and the Mini/Max in admissible form.

While it is true the Court has discretion to *sua sponte* correct evidentiary errors, *see Haughton v. Town of Cromwell*, No. 3:14-cv-1974 (VLB), 2017 WL 2873047, at *3 (D. Conn. July 5, 2017); *see also Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) (holding that the rule allowing courts to consider unobjected-to evidence is permissive rather than mandatory), here, it should not have found Mr. Lombardo's opinion on these issues inadmissible on hearsay grounds, given that Geomatrix did not make this objection in its papers and, thus, Eljen did not have an opportunity to timely respond.[2]

B. Evidence Reasonably Reducible to Admissible Form

The Court must therefore move to considering whether Eljen could present the relevant evidence at trial in a form that would be admissible. It concludes that Eljen could, and thus the Court should not have excluded it on hearsay grounds.

Under Rule 56, a party may object to material submitted in connection with a summary judgment motion on the ground that such material "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "[E]ven inadmissible evidence may properly be considered on summary judgment if it may reasonably be reduced to admissible form at trial." *Parks v. Blanchette*, 144 F. Supp. 3d 282, 293 (D. Conn. 2015) (collecting cases); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary

---

[2] The Court notes, however, that *Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005), does not mandate reconsideration, as Eljen argues. In that case, both parties had relied on the evidence that the court *sua sponte* considered inadmissible. Here, by contrast, Geomatrix did object to the relevant opinions of Mr. Lombardo, but on different grounds than the Court ultimately utilized.

judgment."). Rather than focusing on the admissibility of the evidence's form, courts focus on the admissibility of its contents. *Parks*, 144 F. Supp. 3d at 294 (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)).

At oral argument, counsel for Eljen argued that had Geomatrix made the hearsay objection, Eljen could have obtained a declaration from Dr. Laak declaring his out-of-court statements made to Mr. Lombardo. Hearing Tr. at 112. Moreover, the Court noted that Eljen could establish the admissibility of Mr. Lombardo's statements by offering the testimony of Dr. Laak, and Eljen confirmed that Dr. Laak would be able to testify at trial. *Id.* at 45, 113–14. Eljen has now produced supplemental declarations from Dr. Laak and Mr. Bram attesting to the facts that they had apparently conveyed to Mr. Lombardo, and has confirmed both witnesses would be able to testify to these facts at trial. *See* Laak Suppl. Decl., ECF No. 202-2; Bram Suppl. Decl., ECF No. 202-3. It is therefore apparent that Eljen may be able to establish the admissibility of Dr. Laak's firsthand statements at trial. *See Delgado v. City of Stamford*, No. 3:11-cv-01735 (VAB), 2015 WL 6675534, at *5 n.3 (D. Conn. Nov. 2, 2015) (noting a court may exercise its "discretion to consider unauthenticated or otherwise objectionable evidence where it is apparent that the party may be able to authenticate and establish the admissibility of those documents at trial").

The Court notes that Geomatrix does not address this argument at all in its response to Eljen's motion. Instead, Geomatrix implicitly addresses the point as to 1988 In-Drains, 1992 In-Drains, and Ruck L Fins by challenging Eljen's assertion that Dr. Laak is available to testify at trial. The Court is unpersuaded by these concerns. The Court acknowledges that Dr. Laak is 90 years old and suffers from various health conditions that limited his ability to testify in a deposition in 2022, and that Dr. Laak's availability to testify at trial may be similarly limited. *See* Geomatrix's Opp'n Br., ECF No. 209 at 24. The rule, however, requires only that the evidence "*could* readily

7

be reduced to admissible form at trial through the testimony" of Dr. Laak. *See Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order) (emphasis added). The rule does not require a guarantee that the evidence *must* be reduced to admissible form at trial, and Geomatrix fails to cite to anything to that effect. It is enough that Dr. Laak has now declared that he can testify at trial if necessary. ECF No. 202-2 ¶ 6. Geomatrix's speculation as to Dr. Laak's availability is insufficient to demonstrate that his testimony about the public accessibility of 1988 In-Drains, 1992 In-Drains, and Ruck L Fins is not reasonably reducible to an admissible form at trial.

Regarding the Mini/Max, by failing to argue that Mr. Bram's statements about the Mini/Max cannot be reasonably reduced to admissible form, Geomatrix implicitly concedes that Eljen's reconsideration argument on this issue as to the Mini/Max has merit. *See Blango v. Ludovico*, No. 3:23-CV-212 (SVN), 2024 WL 988163, at *3 (D. Conn. Mar. 7, 2024). Even setting aside the concession, however, it is clear Mr. Bram's out-of-court statements to Mr. Lombardo regarding the public accessibility of the Mini/Max on or before January 27, 2005, the critical date, may be reduced to admissible form at trial through Mr. Bram's anticipated testimony. *See* Eljen's Opening Br. at 17; *Smith*, 697 F. App'x at 89.

Additionally, the Court finds that it erred in refusing to consider the interrogatory response that Eljen had provided to demonstrate that the Mini/Max was offered for sale prior to January 27, 2005, to attempt to defeat Geomatrix's motion for summary judgment that the Mini/Max is not properly considered a prior art reference. *See Geomatrix*, 2024 WL 4753310, at *19. The interrogatory response had referred to an invoice dated September 16, 2004, allegedly for Eljen's first sale of the Mini/Max, but the invoice itself was not provided in support of Eljen's briefing. *Id.* As Eljen correctly points out, Federal Rule of Civil Procedure 56 permits a party to use

interrogatory answers to support an assertion that a fact cannot be or is genuinely disputed at the summary judgment stage. *See* Fed. R. Civ. P. 56(c)(1)(A). Eljen may reasonably reduce its interrogatory answer to admissible form at trial by submitting the invoice[3] and through the testimony of Mr. Bram. Thus, the Court holds that the out-of-court statements made to Mr. Lombardo in regards to the Mini/Max, as well as Eljen's interrogatory response, may be considered at the summary judgment stage.

In light of these holdings, the Court need not consider Eljen's other hearsay arguments. *See* Eljen's Opening Br. at 15–16.

C. <u>Federal Rules of Evidence</u>

The Court next considers the parties' arguments concerning expert testimony. It concludes that Federal Rule of Evidence 703 does not render the evidence inadmissible and rejects Geomatrix's arguments based on Federal Rule of Evidence 702.

First, the Court finds that it need not apply Rule 703 at this juncture. Rule 703 provides that an expert's opinion is admissible even if the opinion relies on facts or data that are inadmissible, so long as experts in that "particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." The Court had cited to this evidentiary rule to find that Mr. Lombardo's conversation with Dr. Laak was inadmissible even though it was proffered by an expert witness. *See Geomatrix*, 2024 WL 4753310, at *16–17. Having found that the evidence at issue may be reasonably reduced to admissible form above, however, the Court agrees with Eljen that the applicability of Rule 703 is largely academic because it has represented that Dr. Laak and Mr. Bram intend to testify at trial. *See* Eljen's Opening Br. at 15, 17. In addition, Geomatrix has failed to respond to Eljen's arguments regarding reducibility to admissible form

---

[3] At this juncture, the Court need not resolve whether the invoice falls within the business-records exception or another exception to the hearsay rule.

9

and Rule 703, thereby implicitly conceding that Eljen's arguments on the two issues have merit. *See Blango*, 2024 WL 988163, at *3. Thus, there is no need for the Court to analyze whether Eljen seeks to admit Dr. Laak and Mr. Bram's out-of-court statements for their truth through Mr. Lombardo.

Second, the Court is not persuaded that it must engage in a *Daubert* analysis under Rule 702 at this time to determine the admissibility of the evidence, as Geomatrix urges. Although the issue was not raised in Eljen's opening brief on its reconsideration motion and was only suggested in Geomatrix's summary judgment briefing, *see* Eljen's Reply, ECF No. 210 at 2–3; ECF No. 178 at 32–33; ECF No. 185 at 8, Geomatrix now explicitly attacks Mr. Lombardo's qualifications to provide expert testimony as to the public availability of certain references under Rule 702. *See* Geomatrix's Opp'n Br. at 18–21. Specifically, Geomatrix argues that (1) Mr. Lombardo has no personal knowledge as to whether 1988 In-Drains is a printed publication; (2) Mr. Lombardo is a layman on the issue of public availability of documents and is thus not qualified to offer testimony on the subject; and (3) the determination of public accessibility is not based on scientific, technical, or other specialized knowledge.

At this juncture, Geomatrix's challenge is premature. The cases cited by Geomatrix in support of the assertion that "courts routinely reject testimony from technical experts who would testify as to public accessibility," *id.* at 20, were all decided after the parties were able to fully brief their positions in evidentiary proceedings. *See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, 650 F. Supp. 3d 375, 406–07 (M.D.N.C. 2023) (excluding proposed expert testimony on public use following pretrial evidentiary hearings); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 09-157-RGA, 2013 WL 1702159, at *1 (D. Del. Feb. 25, 2013) (limiting expert testimony after *Daubert* motion proceedings); *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502–

03 (D. Del. 2019) (excluding expert testimony following *Daubert* motion proceedings); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 5148390, at *5 (N.D. Cal. Nov. 6, 2017) (excluding expert testimony after consideration of motion to exclude expert briefing). Thus, Geomatrix's cases demonstrate that when courts have excluded expert testimony on the issue of public accessibility, they have come to this conclusion only after careful consideration of the issues through *Daubert* motions. Neither Geomatrix nor Eljen have had the opportunity to fully brief the reliability of Mr. Lombardo's expert testimony as to public accessibility. Thus, the Court declines to rule on the issue at this time. Geomatrix may challenge Mr. Lombardo's expert testimony by filing a *Daubert* motion.

    D.  Arguments on the Merits

As the Court has granted Eljen's motion for reconsideration, it will issue an amended order on the cross motions for summary judgment, evaluating the arguments and evidence presented in the parties' summary judgment briefing as to invalidity based on 1988 In-Drains, 1992 In-Drains, Ruck L Fins, and the Mini/Max.

IV.  CONCLUSION

For the reasons described herein, Eljen's motion for reconsideration is GRANTED. The Court's November 12, 2024, order on the cross motions for summary judgment is vacated. An amended order on the cross motions for summary judgment will issue shortly.

**SO ORDERED** at Hartford, Connecticut, this 11th day of March, 2025.

                              /s/ Sarala V. Nagala
                              SARALA V. NAGALA
                              UNITED STATES DISTRICT JUDGE

11